WARDLAW, Circuit Judge,
concurring:
I agree with the disposition, but disagree that Deputies Debs and O’Donoghue were afforded adequate post-deprivation process based on the availability of state court review.
In Association for Los Angeles County Deputy Sheriffs v. County of Los Angeles (ALADS I), 648 F.3d 986 (9th Cir.2011), we recognized that Debs and O’Donoghue could have pursued petitions for mandamus in Los Angeles Superior Court but chose instead to pursue procedural due process claims in federal court. Id. at 991 n. 4. Knowing that the state courts were available, see id. at 991 n. 4, 992 n. 5, we nevertheless reversed the dismissal of the deputies’ procedural due process claim, see id. at 993-97 (analyzing the constitutionality of the procedures and giving no weight to — and, indeed, entirely failing to mention — the availability of state court review). In short, ALADS I is inconsistent with the holding here that the availability of state court proceedings could salvage an *715 otherwise inadequate post-suspension process.
I agree, however, that Debs and O’Do-noghue were afforded adequate process based on the applicable substantive standard for suspension without pay that was established by the County. Property interests, and the substantive standards for ’ depriving individuals of those interests, are established by state and local law, not federal courts reviewing procedural due process claims. See Gilbert v. Homar, 520 U.S. 924, 933, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Here, the substantive standard is found in Los Angeles County Civil Service Rules 18.01(A) and 18.031, which provide that the pendency of a felony charge against a deputy may be grounds for suspension. The deputies concede that the County’s process was adequate to reliably determine whether felony charges were in fact pending against the deputies. That the deputies may not have received a meaningful opportunity to dispute the underlying merits of the pending felony charges is immaterial, because the applicable substantive standard permits suspension regardless of whether the charges are meritorious. Applying the Mathews v. Eldridge balancing test, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and in light of the operative substantive standard, the County’s process was adequate. See Gilbert, 520 U.S. at 933, 117 S.Ct. 1807 (recognizing that little process is needed when there is “nothing to consider at the hearing except the independently verifiable fact of whether an employee had indeed been formally charged with a felony”).
This conclusion was not foreclosed by ALADS I. There, we stated that “[w]e need not and do not decide whether, in all cases, a post-suspension hearing that looks no deeper than whether felony charges were filed against an employee would or would not pass constitutional muster.” 648 F.3d at 994 (emphasis added). We explicitly left it to the district court to conduct a Mathews v. Eldridge balancing test “in the first instance.” Id. at 995. The district court did so, and its conclusion is what we are called upon to review in this appeal.
To be sure, in ALADS I, we rejected the dissent’s claim “that the felony charges were sufficient cause to justify the suspensions of Debs and O’Donoghue” based on “the Supreme Court’s decision in Gilbert and Los Angeles County Civil Service Rule 18.031,” but our disagreement with the dissent was limited to “this stage of proceedings.” Id. We are now at a new stage of proceedings, so to the extent that ALADS found inadequate a process inquiring no further than whether felony charges were filed, ALADS is no longer binding by its own terms. Further, while ALADS discussed Civil Service Rule 18.031, it did not mention Rule 18.01(A), which bolsters the conclusion that the pendency of a felony charge was sufficient, as a substantive matter, to justify the deputies’ suspensions.